**Chenny TOMBUKU, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 03–70808.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.**

Decided Feb. 14, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suit-

Chenny Tombuku, Everett, WA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, OIL, Marion E. Guyton, Attorney, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM ***

Chenny Tombuku, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's determination that Tombuku failed to file her asylum application within one year of her arrival in the United States as required by 8 U.S.C. § 1158(a)(2)(B). *See Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.2001).

We review the denial of withholding of removal for substantial evidence.

---

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Id.* at 816. The record shows that in 1998 Tombuku, an ethnic Chinese Christian, was robbed at knifepoint and was present when a store was looted and a church was burned. Substantial evidence supports the denial of Tombuku's application for withholding of removal, because the record does not compel the conclusion that it is more probable than not that she would suffer future persecution in Indonesia. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1185 (9th Cir.2003).

Moreover, because there is no evidence in the record that Tombuku was tortured while living in Indonesia or would more likely than not be tortured if returned to Indonesia, her CAT claim also fails. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Tombuku's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc as of the filing of the motion for stay of removal, and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DISMISSED in part; DENIED in part.

